UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| COURTNEY PARTIN, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 3:16-CV-0256-JRG-HBG |
| MICHAEL PARRIS, | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

This is a pro se prisoner's petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Now before the Court is Respondent's motion to dismiss the petition as time-barred [Doc. 10]. Petitioner has not filed a response to this motion, and the time for doing so has passed. E.D. Tenn. L.R. 7.1. As such, Petitioner has waived any opposition thereto. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd* 577 F.2d 740 (6th Cir. 1978); E.D. Tenn. L.R. 7.2. For the following reasons, the motion to dismiss [*Id.*] will be **GRANTED** and this action will be **DISMISSED**.

### I. PROCEDURAL HISTORY[1]

On July 2, 2002, a jury convicted Petitioner of attempted first-degree murder and two counts of aggravated assault [Doc. 8 p. 1]. After Petitioner's first and second sentences were

---

[1] Respondent did not file an official copy of the state court records with his motion to dismiss, but rather relies on the documents Petitioner filed with his § 2254 petition. These documents, however, are disorganized and overly inclusive [Docs. 2-1, 2-2, 2-3]. Further, although Petitioner appears to have included all relevant state court filings, it is unclear whether this is true without an official copy of the state court records. Nevertheless, in light of Petitioner's waiver of his opposition to Respondent's motion to dismiss, the Court presumes that the record before the Court is complete.

Respondent's failure to file an official copy of the state court record has, however, made resolution of his motion to dismiss more time-consuming  As such, counsel for Respondent is **NOTIFIED** that future motions to dismiss § 2254 petitions that are not supported by an official state court record and specific citations thereto may be denied without prejudice.

reversed, the Tennessee Court of Criminal Appeals ("TCCA") upheld Petitioner's third sentence of twenty-two years for the attempted murder conviction and four years for aggravated assault conviction.[2] *State v. Partin*, E2010-01508-CCA-R3-CD, 2011 WL 1599192 (Tenn. Crim. App. April 27, 2011, *perm. app. denied* (Tenn. July 13, 2011).

On July 12, 2012, counsel for Petitioner filed a petition for post-conviction relief with the trial court [Doc. 2-1 p. 5]. On May 5, 2014, however, the post-conviction court denied Petitioner post-conviction relief at a hearing [*Id.* at 131, 155–157] and Petitioner filed a premature appeal the denial of this petition that the TCCA dismissed on June 10, 2015 [Doc. 2-3 p. 76]. Also, on June 22, 2015, the TCCA denied Petitioner's request for rehearing on this dismissal [*Id.* at 77].

Subsequently, on March 4, 2016, Petitioner filed a state habeas corpus petition[3] [Doc. 2-3 p. 101–9] that was dismissed on April 14, 2016 [*Id.* at 128–30].

Petitioner filed the instant § 2254 petition on May 16, 2016 [Doc. 1 p. 15].

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in 28 U.S.C. § 2241, *et seq.*, provides a one-year statute of limitations for the filing of an application for a federal writ of habeas corpus. The statute provides, in relevant part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--

---

[2] As the offenses involved the same victim, the trial court merged one of the counts of aggravated assault with the attempted first degree murder count. *State v. Partin*, E2004-02998-CCA-R3-CD, 2006 WL 709200, at *1 (Tenn. Crim. App. July 13, 2011).

[3] While the document was notarized on or about February 19, 2016 [Doc. 2-3 p. 108], it appears from the certificate of service that Petitioner did not mail the document until March 4, 2016 [*Id.* at 109]. Thus, the Court considers this the relevant date of filing. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (providing that the signing date on a pro se prisoner's pleading is considered the filing date, unless there is evidence to the contrary).

(A) the date on which the judgment became final by the conclusion of direct review . . . . [or]

\* \* \*

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . .

28 U.S.C. § 2244(d)(1). However, the time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. . . ." 28 U.S.C. § 2244(d)(2).

As set forth above, on July 13, 2011, the Tennessee Supreme Court ("TSC") denied Petitioner permission to appeal the third and final judgment against him. As it does not appear that Petitioner filed an appeal of this matter with the United States Supreme Court, his convictions and sentence became final ninety days thereafter on October 11, 2011. *Clay v. United States*, 537 U.S. 522, 524 (2003) (holding that, if no petition for certiorari is filed, the judgment becomes final upon expiration of the ninety day period for seeking certiorari review in the Supreme Court).

The AEDPA one-year statute of limitations clock therefore began to run on October 11, 2011, and ran for two hundred and seventy-four days until July 12, 2012, the date on which counsel for Petitioner filed his petition for post-conviction relief.

The post-conviction court denied Petitioner's petition for post-conviction relief, however, and on June 10, 2015, the TCCA dismissed Petitioner's premature appeal of this denial. Moreover, on June 22, 2015, the TCCA denied Petitioner's request for rehearing of the dismissal of his petition for post-conviction relief.

It does not appear Petitioner sought permission to appeal the TCCA's dismissal of his premature appeal of the denial of his petition for post-conviction relief from the TSC and the AEDPA clock therefore began to run on August 21, 2015, sixty days after the TCCA's denial of

3

the petition for rehearing. *See* Tenn. R. App. P. 11(b) (providing that, where a timely petition for rehearing is filed, an application for permission to appeal to the TSC must be filed within 60 days after the entry of the TCCA's denial of that petition); *Carey v. Saffold*, 536 U.S. 214, 219–20 (2002) (holding that claim is "pending" for the entire term of state court review, including intervals between one state court's judgment, the filing of a timely appeal with a higher state court, and "until the application has achieved final resolution through the State's post-conviction procedures"); *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001) (tolling the statute from the time a post-conviction petition is filed until the state supreme court denied an appeal).

Accordingly, on August 21, 2015, Petitioner had no more than ninety-one days to file another application for state court relief that would toll the statute of limitations or to file a timely petition for a writ of habeas corpus with this Court.

Petitioner, however, did not file another state court application for post-conviction or collateral review until two hundred and seven days later on March 4, 2016, at which time the one year statute of limitations for Petitioner to file a §2254 had already passed.[4] Thus, the instant § 2254 petition, which Petitioner filed May 16, 2016, after his state court petition for a writ of habeas corpus was dismissed, is clearly time-barred.

Moreover, none of the claims that Petitioner seeks to assert in this action asserts a new constitutional right recognized by the Supreme Court [Doc. 9] and Petitioner has set forth nothing to suggest that he is entitled to equitable tolling.

---

[4] As such, Petitioner's March 4, 2016, state court habeas petition did not affect Petitioner's time to file an AEDPA petition. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (holding that "[t[he tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run").

Accordingly, the instant § 2254 motion is clearly time-barred, Respondent's motion to dismiss the § 2254 petition as time-barred [Doc. 10] will be **GRANTED**, and this § 2254 petition will be **DISMISSED**.

Finally, the Court must consider whether to issue a certificate of appealability (COA), should petitioner file a notice of appeal. A petitioner may appeal a final order in a § 2254 case only if he is issued a COA, and a COA will be issued only where the applicant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). A petitioner whose claims have been rejected on a procedural basis must demonstrate that reasonable jurists would debate the correctness of the Court's procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Porterfield v. Bell*, 258 F.3d 484, 485–86 (6th Cir. 2001). As reasonable jurors would not debate the correctness of the Court's ruling that the § 2254 is time-barred, a COA will not issue.

**AN APPROPRIATE ORDER WILL ENTER.**

**ENTER:**

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE